**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>Eric Rojo,<br><br>　　　　　Debtor | Chapter 13<br>Case No. 24-10085 |

### ORDER DENYING CONFIRMATION
### AND SETTING DEADLINE FOR MOTION TO ENLARGE

The debtor's chapter 13 plan [Dkt. No. 10], as modified by the proposed order filed on October 8, 2024 [Dkt. No. 30] (the "Proposed Order"), would authorize the trustee "to pay on the priority debt owed to Elizabeth Llop Rojo even though the creditor has not filed a proof of claim" and even though neither the debtor nor the trustee have filed a proof of claim for her. [Dkt. No. 30]. The Proposed Order indicates that Ms. Rojo is owed a domestic support obligation in the estimated amount of $83,200. Id. The Proposed Order further states that neither the plan nor the order serve as "an informal proof of claim for any creditor." Id.

The debtor has known about the obligation owed to Ms. Rojo since the inception of this case. During the preliminary hearing on confirmation on July 11, 2024, debtor's counsel noted that Ms. Rojo had not filed a proof of claim and indicated that she would encourage her to do so. Debtor's counsel further represented that if Ms. Rojo did not file a proof of claim, it was the debtor's plan to do so in Ms. Rojo's stead. As noted, that has not happened. But the trustee apparently has a copy of a judgment reducing the amount of the claim to $83,200. He said as much during a hearing on October 10, 2024, and expressed comfort making distributions on the strength of that judgment and the terms of the Proposed Order. During that same hearing, debtor's counsel indicated that "the number one reason for this case was to address this claim."

The Court will not confirm the plan on the terms set forth in the Proposed Order. In the absence of a proof of claim, or an informal proof of claim, Ms. Rojo does not have an allowed claim. See 11 U.S.C. § 502(a); Fed. R. Bankr. P. 3002(a) (providing that an "unsecured creditor . . . must file a proof of claim . . . for the claim . . . to be allowed . . . except as provided in Rules 1019(3), 3003, 3004, and 3005"). The debtor's desire to pay a nondischargeable, priority, domestic support obligation through his chapter 13 plan is understandable. But the path to accomplishing that is not through 11 U.S.C. § 105, and plan modification authorizing payment on a claim that is not an allowed claim.

The Code and the Rules explicitly authorize the debtor or the trustee to file a surrogate proof of claim if a creditor does not timely do so. See 11 U.S.C. § 501(c); Fed. R. Bankr. P. 3004. In this case, the deadline for non-governmental creditors to file proofs of claim expired on July 5, 2024. See [Dkt. No. 3]; see also Fed. R. Bankr. P. 3002(c). And the deadline for the debtor or the trustee to file surrogate proofs of claim expired 30 days later. See Fed. R. Bankr. P. 3004. Although that deadline has long since passed, it is subject to enlargement after the fact, upon motion, based on a showing of excusable neglect. See Fed. R. Bankr. P. 9006(b)(1).

The debtor or the trustee may file a motion to enlarge the deadline for filing a surrogate proof of claim on Ms. Rojo's behalf no later than October 24, 2024. If either of them avails themselves of that opportunity, then they should also file the surrogate proof of claim with the motion to enlarge. The debtor may renew his request for confirmation after disposition of the motion to enlarge.

Date: October 11, 2024

Michael A. Fagone
United States Bankruptcy Judge
District of Maine

2